JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF CONCORD AND OFFICER B. COLLINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE O. ROCHIN,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF CONCORD, OFFICER B. COLLINS, and DOES 1 through 20, inclusive,<br><br>       Defendants. | Case No. CV 09-0758 JL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>Date:       August 12, 2009<br>Time:      10:30 a.m.<br>Judge:    Hon. James Larson<br>Dept:     Courtroom F, 15th Floor (SF)<br><br>Action Filed: 2/25/2009 |

The parties hereby jointly submit this Case Management Conference Statement and Proposed Case Management Order per FRCP and Local Rules.

   1.    **Jurisdiction and Service**

The parties agree that this Court has subject matter jurisdiction over all claims in this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. The parties further agree that this Court has pendent jurisdiction to hear and decide the claims arising out of state law pursuant to 28 U.S.C. § 1367. The parties further agree that this Court has personal jurisdiction over all parties,

and that venue in the Northern District of California is proper. All parties have been served and have appeared.

## 2. **Relevant Facts**

Plaintiff's Contentions:

Plaintiff Jose Rochin lives with his common law spouse and three minor children in an apartment located at 3480 Royal Road in the City of Concord. The apartment complex consists of two separate two story units facing one another with a common courtyard in between. Plaintiff has lived in this apartment with his family for the past nine years. He is a self employed licensed Landscape Contractor working in Contra Costa County for the past 25 years. On July 27, 2008, Mr. Rochin was seated at his desk located near the kitchen area of his apartment working at his computer doing payroll while several of his employees were standing by in the apartment waiting to get paid. It was a warm summer day and the front door to the apartment was open.

Several police officers came to the front door asking for "Carlos Rochin." They identified themselves as Concord Police. From his seat at his desk he replied that there was no Carlos here, and told the officers that he was Jose Rochin. The police officers demanded that that he come outside. After he shut down his computer, he went to the front door where two officers ushered him out the door. He was immediately instructed to put his hands up, which he did, and two of the officers grabbed him threw him to the concrete patio face first. One officer put his knee on his head, another officer put his knee against his back and a female officer was on his legs. Mr. Rochin kept telling the officers that he was Jose Rochin and not Carlos Rochin. While he was pinned on the ground the offices grabbed his arms and pulled his hands behind his back and handcuffed him. The officers then pulled him up by his hands and arms, forcibly extending his arms up toward his shoulders wrenching his shoulders and causing him to bend way over as they escorted him to the squad car that was parked on the street in the sun in front of the apartment complex. Throughout this time Mr. Rochin kept trying to tell the officers that he was not Carlos but Jose, but the officers ignored him.

After sitting in the hot squad car with all the windows rolled up for over an hour, Michelle Rainwater, plaintiff's common law wife, arrived back from the store (where she had gone just

before the police arrived to cash a check to pay plaintiff's workers) and was told by her neighbors that the police accused Jose of being someone called Carlos and that the Police arrested him and put him inside a police squad car that was still parked in front of the apartment. Michelle approached the police officers telling them that plaintiff was Jose Rochin and the "father of my children." At that time, the police removed plaintiff's wallet from his back pocket to confirm his identify. Nevertheless, plaintiff was arrested for allegedly resisting and obstructing the officers and transported to the Concord Police station where he was detained for several hours before being released. He was issued a citation to appear in court, however charges were never filed and the matter was dropped.

Several neighbors and employees of plaintiff witnessed these events from various locations at the apartment complex. All these witnesses claim that plaintiff was complying with the officers' demands and was not resisting.

Defendants' Contentions

On July 27, 2008, City of Concord police officers were dispatched to a report of a domestic disturbance at 3480 Royal Rd., Apartment #3, Concord, California. Dispatch advised the officers that the complainant, Yvonne Iniguez, was leaving her pregnant sister's residence and saw her sister's boyfriend, Jose Rochin ("Rochin"), pushing her sister and throwing things.

Officer Brandon Collins, Officer T. Roberts, and Officer C. Souza arrived on scene. The three officers went to the apartment and found the front door wide open. Officer Collins knocked on the door and made verbal contact with a male seated inside the apartment who identified himself as "Jose," later confirmed to be Rochin by his California Drivers' License. There were two other males located in the kitchen area of the apartment. Rochin was angered by the officers' presence and said that he and his wife had simply been arguing. Officer Collins stepped inside and asked Rochin if he could speak to Rochin outside. Rochin was non-compliant to the request and continued what he was doing. Officer Collins again asked Rochin to step outside so the officers could speak with him. Rochin began throwing things around the apartment and yelled obscenities. Finally, Rochin reluctantly agreed to step outside with the officers.

JOINT CASE MANAGEMENT CONFERENCE     3
STATEMENT AND [PROPOSED] CASE
MANAGEMENT ORDER CV 09-0758 JL

As Rochin was walking outside, Officer Collins noticed Rochin was wearing a leather case on his belt. A closer look at the case revealed it contained a large pocket knife. Once outside, Officer Collins wanted to remove the knife from Rochin for the officers' safety and he also wanted to search Rochin for additional weapons. Officer Collins told Rochin to place his hands on his head. Rochin did not comply with the request and kept his hands at his sides. Rochin became even more belligerent and once again started using obscenities. Officer Collins again told Rochin to put his hands on his head and began to reach for Rochin's right wrist. As Officer Collins was grasping Rochin's wrist, Rochin immediately resisted, locking his arms down at his sides and clenching his fists. Rochin then began to pull away form Officer Collins by yanking his arms from his grasp. Officer Collins knew Rochin was armed with a knife and felt that Rochin was a threat to himself and the other officers.

Officer C. Souza grabbed Rochin's left arm and Officer Collins grabbed Rochin's right arm. Rochin was resisting the officers by refusing to follow demands to give the officers his hands as they tried to place Rochin's hands behind his back. Officer Souza wrapped his arm around Rochin's neck and used a leg sweep to get Rochin on the ground. Officers Collins assisted Officer Souza by leading Rochin to the ground. All three went to the ground, where Rochin continued to struggle and resist. Officer Collins laid down across Rochin's mid-section in an attempt to keep him on the ground. Officer Collins had to pry Rochin's right arm from under his body because he was still resisting. Officer Collins placed a handcuff on Rochin's right wrist and then tried to assist Officer Souza in retrieving Rochin's left arm, which was also under his body.

Once Rochin was in handcuffs, the officers helped him to his feet. Rochin was yelling and cussing, complaining that the left handcuff was too tight. Officer Collins noticed several subjects standing around watching the incident. Officer Collins did not know who the subjects were or if they were there to assist Rochin. Officer Collins determined that it was not the safest area to attempt to adjust Rochin's handcuff. Rochin was told several times that as soon as he got to the patrol vehicle, out of the complex and in a safer area, the officers would adjust the handcuffs. While walking to the patrol car, Rochin stopped several times and tried to turn

towards the officers. Therefore, Officer Collins administered a left rear wrist lock and Officer Souza administered a right rear wrist lock and assisted him Rochin to the patrol car. While at the patrol car, Officer Collins adjusted the handcuffs, assured proper fit, and double locked them. Officer Collins then secured Rochin in the back seat of his patrol car.

### 3. Legal Issues

Plaintiff alleges five causes of action against the City of Concord and Officer Collins. Plaintiff alleges that Defendants violated his civil rights under federal law and further violated legal duties owed to him under state law. The principal legal issues in dispute include whether any federal constitutional rights were violated and whether any state torts were committed.

### 4. Motions

No motions are currently contemplated. The Defendants may file a motion for summary judgment and/or summary adjudication in this matter. All parties anticipate filing motions in limine.

### 5. Amendment of Pleadings

At this time no amendments are anticipated.

### 6. Evidence Preservation

The parties have mutually agreed to preserve all potentially relevant evidence.

### 7. Disclosures

The parties have exchanged initial disclosures in this case. No deadline for expert disclosures has yet been set by the Court.

### 8. Discovery

Plaintiffs anticipate taking the deposition of the Concord police officers involved in the incident as well as other percipient witnesses. In addition, plaintiff intends to propound written discovery including interrogatories and requests for production of documents.

Defendants will be taking the deposition of Plaintiff and will be propounding written discovery on Plaintiff. Defendants may also take the depositions of other identified percipient witnesses. The Defendants will oppose any irrelevant and/or overbroad discovery requests of the

Plaintiff, including any requests for personnel related records of the involved officers and *Monell* related discovery.

### 9. Class Actions

Not applicable.

### 10. Related Cases

Not applicable.

### 11. Relief

Plaintiff seeks recovery of monetary damages for personal injuries and for violation of his constitutional rights as a result of Defendants alleged wrongful conduct as described in the complaint on file herein. The full nature and extent of these damages is currently unknown. Plaintiff's attorneys will also seek recovery of attorney's fees and costs under the applicable statue.

### 12. Settlement and ADR

The parties have agreed to participate in mediation and have been appointed James Hodgkins, Esq. from the Office of the City Attorney for the City of Oakland as the mediator. The parties are in the process of scheduling the mediation for sometime in mid November of 2009.

### 13. Consent to Magistrate Judge for All Purposes

The parties have consented to being assigned to a Magistrate Judge (Your Honor) for all purposes.

### 14. Other References

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

As discovery is in its infancy, this matter is too premature to narrow the issues for trial as of yet. However, the parties will work to narrow the issues through the discovery process and via stipulations.

### 16. Expedited Schedule

This case cannot be handled on an expedited basis.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER  CV 09-0758 JL     6

## 17. Scheduling

The parties propose the following schedule in this matter:

| Event | Proposed Deadline |
|---|---|
| Last Day to Add New Parties or Claims per FRCP | November 2, 2009 |
| Completion of non-expert discovery | April 2, 2010 |
| Expert Disclosure Deadline | April 16, 2010 |
| Rebuttal Expert Disclosure Deadline | April 30, 2010 |
| Completion of Expert Discovery | June 4, 2010 |
| Last Day to Hear Dispositive motions | August 27, 2010 |
| File Pre-Trial Conference Statements | October 18, 2010 |
| Pre-Trial Conference (subject to Court's availability) | October 26, 2010 |
| Trial Date (subject to Court's availability) | November 15, 2010 |

## 18. Trial

The case will be tried to a jury. Trial is estimated to take 4-5 court days.

## 19. Disclosure of Non-Party Interested Entities or Persons

The parties are unaware of any non-parties whose interests could be substantially affected by the outcome of the proceeding.

## 20. Other Matters

There does not appear to be any other matters needing discussion at this point.

///

Dated: July ___, 2009          McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
                               PFALZER, BORGES & BROTHERS LLP

                               By: _____
                                   James V. Fitzgerald, III
                                   Noah G. Blechman
                                   Attorneys for Defendants
                                   CITY OF CONCORD AND OFFICER B. COLLINS

Dated: July 29, 2009           BENNETT & JOHNSON LLP

                               By: _____
                                   William C. Johnson
                                   Attorney for Plaintiff
                                   JOSE O. ROCHIN

## ORDER

The parties proposed schedule agreed to herein shall be ordered as follows:

| Event | Proposed Deadline |
| --- | --- |
| Last Day to Add New Parties or Claims per FRCP | November 2, 2009 |
| Completion of non-expert discovery | April 2, 2010 |
| Expert Disclosure Deadline | April 16, 2010 |
| Rebuttal Expert Disclosure Deadline | April 30, 2010 |
| Completion of Expert Discovery | June 4, 2010 |
| Last Day to Hear Dispositive motions | August 27, 2010 |
| File Pre-Trial Conference Statements | October 18, 2010 |
| Pre-Trial Conference (subject to Court's availability) | October 26, 2010 |
| Trial Date (subject to Court's availability) | November 15, 2010 |

**IT IS SO ORDERED.**

Dated: August 12, 2009    By: _____
                              Hon. James Larson
                              United States District Court Magistrate Judge

JOINT CASE MANAGEMENT CONFERENCE                    8
STATEMENT AND [PROPOSED] CASE
MANAGEMENT ORDER CV 09-0758 JL